In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Larry J. RATZEL, Attorney at Law.

Supreme Court

*No. 80–1790–D. Filed July 13, 1982.*
(Also reported in 321 N.W.2d 543.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On October 1, 1980, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging six counts of unprofessional conduct against Larry J. Ratzel, an attorney admitted to practice in Wisconsin since 1950, and who practices in Elm Grove. Subsequently, the Board filed an amended complaint alleging four of the original six counts. The first count of the amended complaint alleged that in 1975 the respondent failed to appear at trial on behalf of a client, which resulted in the granting of a motion for default against the client. It was alleged that this constituted neglect of a legal matter, in violation of SCR 20.32(3). The Board alleged that the respondent subsequently succeeded in having the default judgment vacated and the matter reopened and eventually dismissed by stipulation of the parties. The second count alleged that the respondent neglected to file a timely answer to a cross-claim in a matter concerning the same client. The answer was filed more than 17 months after service of the cross-complaint, and a default judgment was entered against the client. It was alleged

that this conduct violated SCR 20.32(3). Count three alleged that the respondent failed to perfect an appeal in this court on behalf of the same client, and the appeal was dismissed for failure to proceed. The Board alleged that such conduct violated SCR 20.32(3).

In the fourth count of unprofessional conduct, the Board alleged that the respondent failed to keep his client informed on a regular basis of the progress of his negotiations with an insurer in his representation of the client in a personal injury matter. The client had complained to the respondent about the lack of communication between them and told him that she wanted to be kept informed of any transactions being conducted in the matter. When the insurer made an offer of $4,300 to settle the claim, the respondent did not inform the client of it until she telephoned him, almost three months after the offer had been made. The respondent resubmitted the client's demand for $10,000 as settlement, but he failed to effectively explain to the client the merits of the insurer's offer. The respondent did not inform the client of the insurer's resubmission of its original offer for two months and then only after a third telephone call was made by the client. The Board alleged that the respondent's failure to actively pursue the matter and to keep his client informed of the progress on the claim violated SCR 20.32(3) and that he violated SCR 20.35(1)(a) by failing to treat the client with normal courtesy and consideration.

We referred the matter to the Hon. Robert W. Hansen as referee pursuant to SCR 21.09(4). Following a hearing, the referee filed his report and recommendation with the court on June 4, 1982. As to the first count, the referee found that, because of a conflict in testimony between the respondent and the client as to when the respondent was substituted as counsel in the matter, it was not possible to determine that the respondent either knew of the recessed trial date or was under an obliga-

tion to investigate the status of the proceeding after he had been retained to represent the client in the matter. The referee concluded that there was no violation of SCR 20.32(3) as to this count. On the second count, the referee found that the respondent should have filed the answer and counter-claim his client desired. He found that with all of the conferences, pretrials and interviews with witnesses held in the matter, this was not a case of attorney neglect but, rather, one in which the attorney concluded that an answer or counter-claim was a hopeless undertaking. Although the referee noted that it probably would not have made a difference in the outcome of the matter, he concluded that the respondent's failure to timely file the answer to the cross-claim constituted a violation of SCR 20.32(3).

The referee found no facts to support the allegations set forth in count three. The appeal which the respondent allegedly failed to perfect or proceed with involved a matter which the respondent had been directed to turn over to successor counsel. As to the fourth count of unprofessional conduct, the referee found no basis for concluding that the respondent neglected the handling of the personal injury matter. He found that the insurer made its offer, which was never withdrawn or increased, and that both the respondent and his client discussed it, agreed that it was unsatisfactory and elected to seek a greater amount. However, the referee found that the respondent violated SCR 20.35(1)(a) by not communicating with the client as to the progress of her claim when she had made repeated requests for information.

The referee recommended that the respondent be publicly reprimanded for his failure to file an answer to the cross-claim and his failure to communicate with his client in the personal injury matter. The referee also recommended that the respondent be required to pay the costs of this disciplinary proceeding. We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that Attorney Larry J. Ratzel is publicly reprimanded for his unprofessional conduct.

It is further ordered that Attorney Larry J. Ratzel pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $713.00 provided that if the costs are not paid within 60 days of the date of this order, the license of Larry J. Ratzel to practice law in Wisconsin shall be suspended forthwith.

ABRAHAMSON, J., took no part.