IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Larry J. RATZEL, Attorney at Law.

Supreme Court

*No. 82–1379–D. Filed June 1, 1983.*
(Also reported in 334 N.W.2d 102.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

On July 23, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging two counts of unprofessional conduct against Larry J. Ratzel, an attorney licensed to practice law in Wisconsin since 1950 and who resides and practices in Elm Grove. The first count of the complaint alleged that the respondent did not respond to several Board requests for information concerning the grievance which had been brought to the Board's attention by a former client of the respondent. The second count alleged that a person against whom a default judgment had been entered in a civil action in federal court on April 21, 1978, retained the respondent to have that judgment set aside. It was alleged that the respondent researched the matter, re-

quested information from the client for purposes of preparing an affidavit, which the client signed on November 25, 1978, and filed the affidavit, a motion for stay of execution, a motion to set aside the entry of a default judgment and an answer to the complaint, all on January 18, 1979. On June 15, 1979 the district court issued a memorandum and order denying the motion to set aside the default judgment. The respondent filed a notice of appeal to the U.S. Court of Appeals for the Seventh Circuit on July 13, 1979, and the district court's decision was subsequently affirmed.

The Board alleged that the five-month delay in filing the motion to have the default judgment set aside was attributable to the respondent. It also alleged that the respondent failed to communicate with his client concerning the case and its disposition by the federal appellate court and failed to respond to four letters from the client and failed to write, as promised, to a friend of the client who had contacted the respondent. The Board alleged that the respondent's five-month delay in moving to set aside the default judgment, failing to file a brief in the appellate court and failing to keep his client informed as to the posture of the case constituted neglect of a legal matter, in violation of SCR 20.32(3).

We referred the matter to the Hon. Thomas P. Corbett, Reserve Judge, as referee, pursuant to SCR 21.09 (4). When the respondent failed to timely file an answer to the complaint, the Board moved for a default judgment, and at a hearing on that motion, the referee permitted the respondent to file a handwritten answer and allowed the Board to file an amended complaint. In his answer, the respondent denied that he failed to cooperate with the Board's investigation of the grievance, that he was responsible for the five-month delay in moving to set aside the default judgment, that he failed to communicate with his client or failed to write as promised

to a friend of his client and that he neglected the legal matter. The Board amended its complaint only as to the time when the respondent was retained to represent the client, stating that it was on or about August 1, 1978.

A hearing was held on January 12, 1983, and the referee filed his report and recommendation with the court on April 12, 1983, in which he made findings consistent with the allegations of the amended complaint and found that the respondent failed to adequately explain the five and one-half month delay from the time he was retained until he filed the motion to set aside the default judgment. The referee also found that the respondent's only explanation for his failure to inform his client of the appellate court's decision was that he had communicated with a friend of his client and his client's uncle, and he assumed that they would tell the client of the decision.

The referee concluded that the respondent's failure to respond to Board inquiries into the grievance constituted misconduct, in violation of SCR 22.07(2), and that his failure to file a motion to set aside the default judgment within a reasonable period of time and his failure to respond to his client's repeated requests for information concerning the appeal constituted neglect of a legal matter. The referee recommended that the respondent's license to practice law in Wisconsin be suspended for a period of two months and that he be required to pay the costs of the disciplinary proceeding.

We hereby adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that the license of Larry J. Ratzel to practice law in Wisconsin is suspended for a period of two months, commencing July 1, 1983.

IT IS FURTHER ORDERED that, within 60 days of the date of this order, Larry J. Ratzel pay to the Board of Attorneys Professional Responsibility the costs of this

disciplinary proceeding in the amount of $1,842.64, provided that if the costs are not paid within the time specified, the license of Larry J. Ratzel to practice law in Wisconsin shall be revoked forthwith.