IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Larry J. RATZEL, Attorney at Law.

Supreme Court

*No. 91–1455–D. Filed August 11, 1992.*

(Also reported in 487 N.W.2d 38.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the court suspend the license of Attorney Larry J. Ratzel to practice law in Wisconsin for two months as disci-

pline for professional misconduct. That misconduct consisted of filing actions, asserting positions and conducting defenses on behalf of a client when he knew that such actions would serve merely to harass or maliciously injure an adverse party, knowingly advancing claims unwarranted under law and making false statements of law or fact to a court.

Attorney Ratzel pleaded no contest to the allegations of misconduct set forth in the complaint of the Board of Attorneys Professional Responsibility (Board), stating that he could not defend against them. Accordingly, we adopt the referee's findings of fact based on those allegations. We also adopt the referee's conclusions of law concerning Attorney Ratzel's violations of the rules governing professional conduct of attorneys.

We determine that the two-month license suspension recommended by the referee is insufficient sanction for the serious misconduct in which Attorney Ratzel engaged. As this is the third occasion the court has had to impose discipline on him for professional misconduct, he has demonstrated that he has not been deterred by prior discipline. Further, he has violated his professional duty of honesty toward the courts in which he practices and abused the process by which disputes are brought to the courts for resolution. We determine that the seriousness of his misconduct warrants the suspension of his license to practice law for five months.

Attorney Ratzel was admitted to practice law in Wisconsin in 1950 and practices in New Berlin. He has twice previously been disciplined for professional misconduct. In 1982 the court publicly reprimanded him for failing to file an answer to a cross-claim, which resulted in a default judgment against his client, and failing to communicate with his client concerning his negotiations with an insurer in a personal injury matter. *Disciplinary*

*Proceedings Against Ratzel,* 108 Wis. 2d 447, 321 N.W.2d 543. In 1983 the court suspended his license for two months for failure to file a motion to set aside a default judgment within a reasonable period of time and failure to inform his client of the decision of the appellate court, despite repeated requests for information from the client. *Disciplinary Proceedings Against Ratzel,* 112 Wis. 2d 646, 334 N.W.2d 102. The referee in the instant proceeding is the Honorable John Fiorenza, reserve judge.

In 1980, a client Attorney Ratzel was representing purchased a seller's interest in a land contract after the buyer had defaulted on the contract. After the defaulting buyer had moved into the property and adversely occupied it, a mechanical contracting company sued the buyer for unpaid furnace services and, during the course of the litigation in Milwaukee County Circuit Court, Attorney Ratzel's client was substituted as a defendant. The case was assigned first to the Honorable William Jennaro and subsequently to the Honorable Robert Landry.

Soon thereafter, the defaulting land contract buyer brought an action against Attorney Ratzel's client, among others, seeking to enjoin their seizure of the property. The case was assigned to the Honorable William Haese.

In the case assigned to Judges Jennaro and Landry, Attorney Ratzel filed a cross-claim on behalf of his client for strict foreclosure of the land contract but stipulated to a stay of that claim pending the outcome of the case pending before Judge Haese. In the latter case, Judge Haese fixed a period of time in which the buyer could redeem the property and set the redemption price to cure the default on the land contract. The buyer paid the money necessary to redeem the property into court and

Judge Haese rendered final judgment in the buyer's favor and awarded title to the property to the buyer on November 15, 1984.

Attorney Ratzel's client, which by then had resumed possession of the property, refused to vacate it. Attorney Ratzel filed an appeal of Judge Haese's decision, asserting that primary jurisdiction in the matter of title to the property was in the circuit court in the earlier case assigned to Judges Jennaro and Landry, despite the fact that there had been a stipulation in that case to have the issue of title decided by Judge Haese. The court of appeals ruled that Judge Haese had primary jurisdiction over the issue of the buyer's right to possession of and title to the property and had properly and finally adjudicated those issues. Attorney Ratzel filed a petition for review, which was denied.

Thereafter, Attorney Ratzel commenced an action in Milwaukee County Circuit Court asking that Judge Haese's judgment be set aside. That case was assigned to the Honorable Leander Foley. While that case was pending, Attorney Ratzel's client continued to occupy and use the property. In that case, Attorney Ratzel signed the complaint alleging that ownership and title interests of his client were at issue and awaiting trial in the case pending before Judges Jennaro and Landry.

In the action before Judge Foley, the buyer brought a summary judgment motion and motion for attorney fees on the ground that the action was frivolous. Judge Foley granted both motions. Attorney Ratzel then went to Judge Landry and asked him to reconsider his decision denying Attorney Ratzel's motion to vacate the decision of Judge Haese and stay that judgment. Judge Landry refused to do so and ordered costs against Attorney Ratzel's client for bringing the motion.

After more than a year and a half of litigation, the buyer commenced an eviction action against Attorney Ratzel's client, who still refused to vacate the property. That action was assigned to the Honorable Rudolph Randa. Attorney Ratzel did not file an answer on behalf of his client but at the scheduling conference he orally represented to the court that serious issues existed over the buyer's title to and possession of the property. He also denied that Judge Foley had already found him and his client to have brought a frivolous action on those issues. Judge Randa granted Attorney Ratzel two weeks to file an answer and any counterclaim he might have. Three days before the time to do so expired, Attorney Ratzel moved to dismiss, alleging that the buyer was not the true owner of the property, that his client was not a tenant and, consequently, could not be evicted and that Judge Landry was going to adjudicate the issue of possession of and title to the property. Contrary to those allegations, more than one and a half years earlier Judge Landry had found that Judge Haese's decision was *res judicata* on the issue of title to the property.

The buyer then moved for summary judgment in the eviction case and filed a motion for attorney fees under the frivolous action statute. Attorney Ratzel did not file anything in opposition to that motion but represented to the court that title to and possession of the property was the subject of an action pending and awaiting trial before Judge Landry. The court, however, ruled that Judge Haese had decided the issue of ownership of the property, that the decision was affirmed by the court of appeals and that in a collateral attack Judge Foley refused to set aside Judge Haese's judgment. The court found that Attorney Ratzel's position was frivolous and awarded the plaintiff attorney fees and costs, as well as judgment of eviction and writ of restitution.

In addition to the appeal filed from Judge Haese's judgment, Attorney Ratzel filed five other appeals, all relating to title to the property at issue. In one of them, the court of appeals upheld Judge Foley's dismissal of the action to set aside Judge Haese's judgment and found that Attorney Ratzel was guilty of bad faith litigation. In another, the court of appeals affirmed Judge Randa's judgment of eviction and finding of frivolousness; Attorney Ratzel's petition for review was denied. In a third, the court of appeals affirmed Judge Landry's decision granting summary judgment in favor of the buyer in the construction lien case in which Attorney Ratzel had cross-claimed alleging that title of the property remained in doubt; the appellate court found that the appeal was frivolous and remanded for determination of attorney fees against Attorney Ratzel and his client.

In the fourth appeal, which was from Judge Randa's holding Attorney Ratzel in contempt for failure to pay the attorney fees awarded for having commenced a frivolous action, the court of appeals affirmed the contempt order and found that the appeal was frivolous, remanding the matter to Judge Randa to determine the amount of appeal costs to be assessed against Attorney Ratzel. The appellate court submitted a copy of its decision to the Board of Attorneys Professional Responsibility. In the fifth appeal, Attorney Ratzel claimed that Judge Randa did not have the authority to effectuate his contempt order, affirmed by the court of appeals, by issuing a judgment on which the buyer could levy execution.

In this disciplinary proceeding, the Board contended and the referee concluded that Attorney Ratzel's having filed actions, asserted positions and conducted defenses on behalf of a client when he knew that such actions would serve merely to harass or maliciously

injure an adverse party violated former SCR 20.36(1)(a) and current SCR 20:3.1(a)(3).[1] Further, his knowingly advancing a claim or defense not warranted under existing law and which could not be supported by good faith argument for an extension, modification or reversal of existing law was contrary to former SCR 20:36(1)(b) and current SCR 20:3.1(a)(1).[2] Finally, he knowingly made false statements of law or fact to the court, in violation of former SCR 20.36(1)(e) and current SCR 20:3.3(a)(1).[3]

Attorney Ratzel and counsel for the Board stipulated that the Board would recommend to the referee a two-month license suspension as appropriate discipline. The referee accepted that stipulation and recommended a two-month license suspension. In addition, the referee recommended that Attorney Ratzel be required to pay

---

[1]SCR 20:3.1 provides:

**Meritorious claims and contentions**
    (a)  In representing a client, a lawyer shall not:
    . . .
    (3)  file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another.

[2]SCR 20:3.1 provides:

**Meritorious claims and contentions**
    (a)  In representing a client, a lawyer shall not:
    (1)  knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law;

[3]SCR 20:3.3 provides:

**Candor toward the tribunal**
    (a)  A lawyer shall not knowingly:
    (1)  make a false statement of fact or law to a tribunal;

the costs of this proceeding in installments mutually agreed upon by Attorney Ratzel and the Board.

Because of the seriousness of the misconduct considered in this proceeding and in light of the two instances in which the court previously disciplined Attorney Ratzel, we ordered the parties to show cause why a five-month license suspension would not be appropriate sanction here. In his response, Attorney Ratzel took the position that he had stipulated with the Board to withdraw his answer to the complaint and plead no contest on the basis that the Board would recommend a two-month license suspension to the referee. He asserted that the Board violated the terms of the stipulation by stating in its response to the order to show cause that a five-month license suspension would not be inappropriate. Attorney Ratzel requested that the stipulation be voided and the matter remanded to the referee for a hearing in order to develop the complete background of his misconduct.

There is no merit to Attorney Ratzel's assertion regarding the Board's position in response to the court's order to show cause. The Board did not breach the stipulation it had reached with Attorney Ratzel, for it indeed recommended to the referee that he recommend a two-month license suspension. Moreover, the referee made that recommendation to the court.

Attorney Ratzel's abuse of the judicial process and the extent of that abuse demonstrated here calls for more severe discipline than that to which he and the Board stipulated and which the referee recommended in response to that stipulation. We determine that a five-month license suspension is appropriate discipline for that misconduct.

IT IS ORDERED that the license of Larry J. Ratzel to practice law in Wisconsin is suspended for a period of five months, commencing September 1, 1992.

IT IS FURTHER ORDERED that, within a time period acceptable to the Board of Attorneys Professional Responsibility, Attorney Ratzel pay the costs of this disciplinary proceeding, provided that if the costs are not paid within that time and absent a showing to this court of his inability to pay the costs within that time, the license of Larry J. Ratzel to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Larry J. Ratzel comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ABRAHAMSON, J., took no part.