IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David L. NICHOLS, Attorney at Law.

Supreme Court

*No. 95–0180–D. Filed June 7, 1995.*

(Also reported in 532 N.W.2d 712.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of David L. Nichols to practice law in Wisconsin be suspended for 60 days as discipline for having continued to practice law while suspended from practice for failure to pay dues to the State Bar of Wisconsin and assessments for the Supreme Court boards and the Client Security Fund. We determine that the recommended license suspension is appropriate discipline to impose for that professional misconduct.

Attorney Nichols, who was admitted to practice law in Wisconsin in 1981 and practices in Calumet county, was previously disciplined for professional misconduct. In February, 1993, the Board of Attorneys Professional Responsibility issued a public reprimand, with his consent, for his failure to inform a client for more than three years that her medical malpractice action had been dismissed because of his inactivity in the matter and that his appeal to have the action reinstated was unsuccessful. In addition, Attorney Nichols failed to respond to numerous inquiries from the client inquiring into the matter and to the Board's initial requests for information regarding that client's grievance.

The referee in this proceeding, Attorney Rose Marie Baron, made findings of fact based on Attorney Nichols's no contest plea to the allegations of the Board's complaint. When he failed to pay timely his dues and assessments for the 1993–94 State Bar fiscal year, the State Bar sent Attorney Nichols a statement of dues and assessments by certified mail, adverting to the provision of the Supreme Court Rules by which he would be suspended automatically from the practice of law if his payment were not received by November 1, 1993. Attorney Nichols made no payment and the State Bar sent him notice, which he received November 5, 1993, announcing his suspension from practice. Subsequently, Attorney Nichols satisfied the dues requirements and was reinstated to practice June 1, 1994. However, between the date of the suspension and the date of reinstatement, Attorney Nichols continued to practice law, representing clients in an appellate matter, in divorce and child support and custody proceedings, in traffic matters, in social security, worker's

compensation and unemployment compensation cases and drafting deeds and wills.

The referee's recommendation of a 60-day license suspension as discipline for that misconduct was based on Attorney Nichols's negligence, if not actual intent, in ignoring repeated correspondence from the State Bar. The referee doubted Attorney Nichols's testimony that he was unaware that his failure to pay bar association dues and Supreme Court assessments would result in his suspension from practice because he did not read the portion of the notices that warned he would be suspended from practice if he did not make payment promptly or the material included in the notice of his suspension.

The court adopts the referee's findings of fact and her conclusion that Attorney Nichols violated SCR 20:5.5(a)[1] by continuing to practice law while suspended under the court's rules. The court accepts the referee's recommendation of discipline for that misconduct, as well as the recommendation that Attorney Nichols be required to pay the costs of this proceeding.

IT IS ORDERED that the license of David L. Nichols to practice law in Wisconsin is suspended for a period of 60 days, commencing July 12, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order David L. Nichols pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within

---

[1] SCR 20:5.5 provides, in pertinent part:

**Unauthorized practice of law**

A lawyer shall not:

(a)   practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction;

that time, the license of David L. Nichols to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that David L. Nichols comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.