In the Matter of Disciplinary Proceedings Against David L. Nichols, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

David L. Nichols, Respondent.

Supreme Court

*No. 01–3032–D. Decided June 14, 2002.*

2002 WI 60

(Also reported in 645 N.W.2d 270.)

¶ 1.    PER CURIAM. We review the recommendation of the referee that Attorney David L. Nichols' license to practice law in Wisconsin be suspended for six months and that he be required to pay the costs of this disciplinary proceeding.

¶ 2.    We determine that the seriousness of Attorney Nichols' professional misconduct warrants the suspension of his license to practice law for six months, as recommended.

¶ 3.    Attorney Nichols was admitted to practice law in Wisconsin in 1981. His most recent practice of law has been in Brillion.

¶ 4.    In 1993 Attorney Nichols consented to a public reprimand imposed by the Board of Attorneys Professional Responsibility[1] for misconduct consisting of failure to communicate with a client concerning legal

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process was substantially restructured. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility to the Office of Lawyer Regulation and the supreme court rules applicable to the lawyer regulation system were also revised in part. Because most of the conduct underlying this case arose prior to October 1, 2000, the complainant in this case will be referred to as the "Board" and all references to supreme court rules will be to those in effect prior to October 1, 2000, except as otherwise specified.

150

representation, failure to respond to inquiries from the client, and failure to cooperate with the Board's investigation.[2]

¶ 5. In 1995 Attorney Nichols' license was suspended for 60 days as discipline for professional misconduct consisting of the continued practice of law while suspended for failure to pay dues to the State Bar of Wisconsin and the assessment for supreme court boards and the Client Security Fund.[3]

¶ 6. Attorney Nichols' license was suspended in 2000 for noncompliance with continuing legal education requirements and that suspension remained in effect as of the date of the filing of the complaint in the present matter.

¶ 7. The complaint filed by the Board alleged misconduct with respect to Attorney Nichols' handling of two cases: the first a 1997 negligence/defamation action and the second a 1998 probate of an estate.

¶ 8. In the first matter, Attorney Nichols represented the mother of the child that was the focus of a custody and placement dispute. A psychologist testified on behalf of the child's father that he saw evidence of "emotional incest" or parental alienation syndrome attributable to Attorney Nichols' client.

¶ 9. Attorney Nichols subsequently filed an action on behalf of the mother against the psychologist and his medical malpractice insurer claiming that the psychologist's opinions were negligent and also defama-

<hr>

[2] STATE BAR OF WISCONSIN, CLE BOOKS, *Professional Discipline of Wisconsin Attorneys: A Compendium,* Vol. III, Public Reprimand 93–1 (2001).

[3] The disciplinary proceeding was reported at *In re Disciplinary Proceedings Against Nichols,* 193 Wis. 2d 295, 532 N.W.2d 712 (1995).

tory. Summary judgment in the defendant's favor was granted in 1998, the circuit court concluding that the suit was frivolous.[4]

¶ 10.   The circuit court sent a copy of its decision to the Board which then investigated the matter as a possible violation of SCR 20:3.1(a)[5] which prohibits an attorney from knowingly advancing a claim that is unwarranted under existing law. Attorney Nichols responded to the Board that he was appealing the circuit court's decision which prompted the Board to hold its investigation in abeyance. In 1999 District III of the Court of Appeals issued an order upholding the circuit court's finding of frivolousness. Attorney Nichols failed to respond to subsequent requests by the Board as to

---

[4] The circuit court stated:

A motivation, I find, for this action, was to send a chilling message or a chilling effect to [the psychologist] to pull out of his patient/doctor relationship with [the father] and thus be unavailable to provide opinions in court ... That's a misuse of the court system ... There was neither a basis in fact nor a reasonable extension of any law which could provide for this action.

Board complaint against Attorney Nichols, November 14, 2001, ¶ 9.

[5] SCR 20:3.1(a) provides:

(a) In representing a client, a lawyer shall not:

(1) knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law;

(2) knowingly advance a factual position unless there is a basis for doing so that is not frivolous; or

(3) file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another.

the status of his appeal prompting the Board to reopen the file and order a response to the disciplinary action. He responded that he considered the circuit court's and court of appeals' decisions to be in error but failed to indicate why he had not responded to earlier inquiries from the Board as to the status of the appeal. Subsequent inquiries by the Board on the matter did not result in a further response from him.

¶ 11. In the second matter, Attorney Nichols represented the personal representative of the estate who paid him $1640 in attorney's fees. However, approximately one year after Attorney Nichols was retained, the personal representative determined that the estate was still open, although it was eventually closed. Attempted inquiries of Attorney Nichols as to the status of the matter were unsuccessful, the personal representative being informed that he had voluntarily terminated his law practice in the interim.

¶ 12. Based on a grievance filed against Attorney Nichols by the personal representative in 2000, the Board contacted him for a response. He did not respond to the initial inquiry as well as to subsequent inquiries.

¶ 13. Attorney Nichols' actions in both of these matters prompted the Board to file a disciplinary complaint against him on November 14, 2001. The complaint alleged four counts of disciplinary violations with respect to his handling of these two matters.

¶ 14. Count one alleged that Attorney Nichols' filing of the negligence/defamation claim against the psychologist was a violation of SCR 20:3.1(a)(1)[6] in that

----

[6] SCR 20:3.1(a)(1) provides:

(a) In representing a client, a lawyer shall not:

(1) knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim

he knowingly advanced a claim unwarranted under existing law not supported by good faith argument for an extension, modification, or reversal of existing law.

¶ 15. Count two alleged that Attorney Nichols' failure to respond to inquiries from the Board was a violation of SCR 21.03(4),[7] failure to cooperate with the Board in investigation of a grievance, and SCR 22.07(3),[8] failure to answer questions, furnish documents, or present relevant information in a grievance investigation.

¶ 16. Count three alleged that Attorney Nichols' failure to properly file the documents necessary to conclude probate of the estate was a violation of SCR 20:1.3,[9] failure to act with reasonable diligence and promptness in representing a client.

¶ 17. Count four alleged that in failing to answer the Board's inquiries regarding the estate, Attorney Nichols violated SCR 22.07(2),[10] failure to fully and fairly disclose all facts and circumstances pertaining to

or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law.

[7] Former SCR 21.03(4) provided: "(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

[8] Former SCR 22.07(3) provided:

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[9] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

[10] Former SCR 22.07(2) provided:

154

alleged misconduct within 20 days of receipt of an ordinary mail request, and SCR 21.03(4), failure to cooperate in the investigation, prosecution, and disposition of a grievance filed with the Board. In addition, the Board alleged that Attorney Nichols' conduct in the estate matter also violated several new supreme court rules in effect as of October 1, 2000: SCR 22.03(2),[11] failure to fully and fairly disclose all facts and circumstances pertaining to alleged misconduct within 20 days after being served by ordinary mail a request for written response; SCR 22.03(6),[12] wilful failure to provide relevant information, answer questions fully or

---

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[11] Current SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[12] Current SCR 22.03(6) provides: "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents

155

furnish documents, regardless of the merits of the matters asserted in the grievance; and, SCR 21.15(4).[13]

¶ 18. Attorney Nichols admitted service on November 28, 2001. Attorney Henry A. Field, Jr., was appointed referee by order of this court on December 12, 2001. Attorney Nichols filed an answer on January 30, 2002, entering a plea of no contest to the complaint. The referee subsequently adopted the facts for all four counts as stated in the complaint and concluded that the allegations of the complaint were proven by the requisite burden of proof. The referee further recommended to this court, based upon the recommendation of the Board and Attorney Nichols' agreement, that his license be suspended for six months.

¶ 19. We adopt the referee's findings of fact and conclusions of law. Attorney Nichols' misconduct with respect to his handling of the negligence/defamation action and the estate probate, and his failure to cooperate with the Board's investigation of the grievances arising out of both, are serious failings requiring a suspension of his license. A six-month suspension of his license to practice law is appropriate discipline for his professional misconduct.

---

and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[13] Current SCR 21.15(4) provides:

(4) Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

¶ 20. IT IS ORDERED that the license of David L. Nichols to practice law in Wisconsin is suspended for a period of six months, effective July 19, 2002.

¶ 21. IT IS FURTHER ORDERED that David L. Nichols comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order David L. Nichols pay to the Office of Lawyer Regulation the costs of this proceeding in the amount of $1049.65. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of David L. Nichols to practice law in Wisconsin shall remain suspended until further order of the court.