In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mary Kathleen ARTHUR, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mary Kathleen ARTHUR, Respondent.

Supreme Court

*No. 03–3448–D. Decided June 9, 2004.*

2004 WI 66

(Also reported in 680 N.W.2d 758.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Mary Kathleen Arthur and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12,[1] which sets forth findings of fact and conclusions of law regarding Attorney Arthur's professional misconduct. The parties stipulated to a 90–day suspension of Attorney Arthur's license to practice law in Wisconsin. We accept the parties' stipulation and recommendation that a suspension of 90 days is appropriate discipline for Attorney Arthur's misconduct.

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶ 2. Attorney Arthur was admitted to practice in 1977. She has no prior disciplinary history.

¶ 3. The OLR complaint and the terms of the stipulation reflect two counts of misconduct, both entailing violations of SCR 20:3.1(a)(3), which provides:

> In representing a client, a lawyer shall not: file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another.

¶ 4. The facts giving rise to the first alleged violation of SCR 20:3.1(a)(3) requires some discussion of two underlying cases in which either Attorney Arthur, or her husband, Attorney Ronald Arthur, served as counsel.

¶ 5. In 1992 Peterson Builders commenced suit against American Gasket Co., alleging that certain gaskets it purchased from American Gasket Co. and intended to install on a Navy ship were not made of the material required by contract. American Gasket Co. impleaded David Roeming as a third-party defendant, claiming it purchased the gaskets from him. Attorney Ronald Arthur represented Mr. Roeming. In May 1993 the parties reached a settlement.

¶ 6. The next year Audrey and David Roeming, this time represented by Attorney Mary Kathleen Arthur, filed a lawsuit against many of the parties to the earlier litigation, including Peterson Builders, American Gasket Co., and related parties. This lawsuit alleged multiple causes of action, including breach of contract, abuse of process, injury to business, tortious interference with contract, frivolous action, unjust enrichment, fraud, and misrepresentation, all arising out

254

of the gasket contract dispute. The trial court dismissed the action, finding it barred by res judicata and collateral estoppel, adding that the pleading stated no claims upon which relief could be granted.

¶ 7.	The Roemings, still represented by Attorney Mary Kathleen Arthur, appealed. The court of appeals reversed in part, and remanded for further consideration of some of the claims. On remand, the defendants moved for summary judgment.

¶ 8.	In opposition to the motion for summary judgment Attorney Mary Kathleen Arthur submitted an affidavit executed by her husband, Attorney Ronald Arthur, which the court of appeals later found to contain "unsupported inferences" and "pure speculation." The trial court granted the defendants' motion for summary judgment and also found the Roemings' claims "objectively frivolous." Indeed, the trial court deemed Attorney Mary Kathleen Arthur responsible, and, after further proceedings, assessed frivolous costs against her, personally, in the amount of $24,380.59.

¶ 9.	The Roemings appealed again and the court of appeals affirmed, agreeing that the record supported the trial court's finding that the lawsuit was frivolous, and that it was continued in bad faith for purposes of harassment. The court of appeals added that Attorney Ronald Arthur's affidavit drew unreasonable inferences and engaged in "pure speculation and conjecture." *See Roeming v. Peterson Builders, Inc.*, No. 97–3834–FT, unpublished slip op. (Wis. Ct. App. Aug. 18, 1998).

¶ 10.	The stipulation provides that by filing a lawsuit alleging conspiracy and misconduct in plaintiff's and opposing counsel's prosecution of a prior civil action, when her filing or continuation of the suit was based upon an affidavit that contained speculation and unreasonable inferences, Attorney Mary Kathleen

Arthur filed a lawsuit, asserted a position, conducted a defense, delayed trial or took other action on behalf of a client, when she knew or it was obvious that such an action would serve merely to harass or maliciously injure another, in violation of SCR 20:3.1(a)(3).

¶ 11. The facts giving rise to the second violation of SCR 20:3.1(a)(3) derive from a completely different set of facts.

¶ 12. In 1994 Attorney Ronald Arthur purchased some timbered property adjacent to the homestead parcel of Barbara Doyle. Ms. Doyle contended that Ronald Arthur's logging activities were improper and caused damage to her property. In August 1995, upon learning that Ms. Doyle intended to file a lawsuit, Attorney Mary Kathleen Arthur, acting as her husband's attorney, filed a lawsuit in Dodge County, against Ms. Doyle and others, seeking, inter alia, a declaration that Ronald Arthur was not liable for damage to Ms. Doyle's property. *See Arthur v. Keefe,* No. 98–1897, unpublished slip op. (Wis. Ct. App. Nov. 4, 1999).

¶ 13. A month later Ms. Doyle filed her own claim in Juneau County Circuit Court. *Doyle v. Arthur,* No. 97–3353, unpublished slip op. (Wis. Ct. App. Oct. 22, 1998). Attorney Arthur effectively failed to file an answer in this case and the Juneau County Circuit Court granted Ms. Doyle a default judgment. The court later denied Attorney Arthur's motion to set aside the default judgment and ordered a hearing on the amount of damages to which Ms. Doyle was entitled.

¶ 14. In a memorandum decision dated July 31, 1997, the Juneau County Circuit Court found that Ronald Arthur "intentionally and maliciously used his and his wife's position and knowledge as attorneys in an all out effort to intimidate [Ms.] Doyle . . . ." In addition,

the circuit court found that Attorney Arthur had threatened to sue Ms. Doyle and her attorneys for conspiracy and extortion without any factual basis for such a complaint. Ms. Doyle was eventually awarded $34,720 in compensatory damages and $75,000 in punitive damages.

¶ 15. Attorney Ronald Arthur then submitted this judgment as a claim to his insurance company. The insurance company filed an action against Ronald Arthur and Ms. Doyle seeking a declaratory judgment that it was not liable for the judgment against Ronald Arthur.

¶ 16. Representing her husband, Attorney Mary Kathleen Arthur filed a cross-claim against Ms. Doyle, impleaded Ms. Doyle's attorneys as third-party defendants, and, despite the circuit court's previous findings, alleged that Ms. Doyle and her attorneys had engaged in conspiracy and extortion. The circuit court decision was later affirmed and Attorney Arthur's cross-claim was dismissed. *See id.*

¶ 17. The stipulation provides that, by filing a cross-claim and a third-party complaint against Ms. Doyle and her attorneys that alleged their purported fraud and conspiracy, despite previous trial court findings to the contrary, Attorney Mary Kathleen Arthur filed a lawsuit, asserted a position, conducted a defense, delayed trial or took other action on behalf of a client when she knew or it was obvious that such action would serve merely to harass or maliciously injure another, in violation of SCR 20:3.1(a)(3).

¶ 18. In addition to stipulating to the facts as set forth above, the parties stipulated to discipline in the form of a 90–day suspension of Attorney Mary Kathleen Arthur's license to practice law in Wisconsin. The stipulation provides further that it is not the result of a

plea bargain and reflects neither a reduction of the charges nor a reduction of the level of discipline originally sought by OLR. The OLR is not seeking the imposition of costs in this matter.

¶ 19. We agree with the OLR that Attorney Mary Kathleen Arthur has misused the judicial process to benefit herself or her husband and to inflict injury upon those who opposed them in litigation by causing them to expend time and money defending against harassing claims or lawsuits.

¶ 20. We turn to whether the agreed upon sanction is appropriate. Attorney Arthur has no previous disciplinary history. She has engaged in a significant amount of public service. A 90–day suspension is consistent with discipline imposed in comparable cases. *See, e.g., In re Disciplinary Proceedings Against Widule,* 2003 WI 24, 261 Wis. 2d 45, 660 N.W.2d 686; *In re Disciplinary Proceedings Against Nichols,* 2002 WI 60, 253 Wis. 2d 149, 645 N.W.2d 270; *In re Disciplinary Proceedings Against Ratzel,* 170 Wis. 2d 121, 487 N.W.2d 38 (1992). We are persuaded that a 90–day suspension is appropriate discipline for this misconduct.

¶ 21. Therefore, we approve the stipulation and adopt the stipulated facts and conclusions of law as set forth therein. We also accept the parties' stipulation that a 90–day suspension is appropriate discipline for these offenses. Therefore,

¶ 22. IT IS ORDERED that the license of Mary Kathleen Arthur to practice law in Wisconsin is suspended for a period of 90 days, effective July 14, 2004, and until reinstated by this court.

¶ 23.   IT IS FURTHER ORDERED that, if she has not already done so, Attorney Mary Kathleen Arthur must comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.